NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELITE HOME PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HANUNG TOYS AND TEXTILES LTD., ALLAHABAD BANK LTD., and JOHN DOE #1, <br><br> Defendants. | **OPINION AND ORDER** <br><br> Civ. No. 15-6435 (WHW)(CLW) |

### Walls, Senior District Judge

Plaintiff Elite Home Products ("Elite") moves under Fed. R. Civ. P. 55 for default judgment against Defendant Allahabad Bank. On March 23, 2017, this Court granted Defendant Hanung Toys and Textiles ("Hanung")'s motion to enforce a settlement agreement between Elite and Hanung. Under the terms of this settlement, Elite was ordered to pay Hanung a sum of $665,000, plus interest, in order to settle an outstanding debt owed on textiles shipped to Elite from Hanung. ECF No. 53. Defendant Allahabad Bank, an Indian bank, is the holder of eight banker's acceptances (the "Acceptances") issued on Elite's behalf by M&T Bank as security for the textile shipment.

Elite brought suit on August 26, 2015, seeking declaratory relief. In their Complaint, Elite stated that they were ready and willing to pay the $665,000 they owed to Hanung but had not done so because the Acceptances issued to Allahabad Bank remained outstanding. ECF No. 1. Elite was unwilling to make payments directly to Hanung under the settlement agreement until it received confirmation that the outstanding Acceptances had been cancelled, so as to avoid

being twice liable for payment. Elite amended their Complaint on February 5, 2016, to add Allahabad Bank as a defendant. ECF No. 13. Allahabad Bank has failed to respond to summons served upon it or otherwise defend this action. An entry of default was entered against Allahabad Bank on April 5, 2017. ECF No. 50. Elite now moves for default judgment against Allahabad Bank.

Rule 55 of the Federal Rules of Civil Procedure allows the Court to enter a judgment of default where a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend an action against it. Three factors are considered when evaluating a motion for default judgment under Fed. R. Civ. P. 55: (1) whether there is "prejudice to the plaintiff if default is denied," (2) "whether the defendant appears to have a litigable defense," and (3) "whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

As a threshold matter, Elite does not seek any type of affirmative relief against Allahabad Bank. Elite's motion for default judgment states that they are seeking declaratory relief against Allahabad Bank, but does not specify what this relief would look like. Elite has stated on the record that they would like Allahabad Bank to cancel the outstanding Acceptances, but this is not a remedy that this Court can provide, much less over an Indian entity.

Furthermore, Elite has failed to demonstrate that they will suffer prejudice if default is denied. Elite has not alleged that Allahabad Bank has sought payment from them on the outstanding Acceptances, nor have they pointed to any other ways in which they would be prejudiced if default was denied. When, and if, Allahabad Bank seeks payment from Elite, Elite may have a litigable claim against them. Until then, this motion is premature. Plaintiff's motion for default judgment is DENIED, without prejudice.

NOT FOR PUBLICATION

DATE: 10 July 2017

William H. Walls
Senior United States District Court Judge